271 S.W.3d 539 (2008)
D.E., a Child Under Eighteen, Appellant
v.
COMMONWEALTH of Kentucky, Appellee.
No. 2007-CA-001882-DG.
Court of Appeals of Kentucky.
November 21, 2008.
Timothy G. Arnold, Robert K. Strong, Assistant Public Advocates, Department of Public Advocacy, Frankfort, KY, for appellant.
Daryl K. Day, Lincoln County Attorney, Special Assistant Attorney General, Stanford, KY, for appellee.
Before COMBS, Chief Judge; STUMBO, Judge; GUIDUGLI,[1] Senior Judge.

OPINION
STUMBO, Judge.
D.E.[2] was charged with third-degree criminal trespass and third-degree criminal mischief for throwing rocks at a house. She was found guilty of both charges. Her conviction was affirmed by the circuit court and this Court granted discretionary review. She argues that the evidence was insufficient to support a charge for third-degree criminal trespass as there was no evidence presented at trial that she entered the property at issue and that a person must enter onto the property to be guilty of trespass. The Commonwealth responds that even if she did not enter the *540 property, the rocks she threw did and this is sufficient. We find that there was no evidence of criminal trespass in this case and therefore the conviction for this charge is reversed.
A juvenile petition was filed against D.E., as well as other youths, which charged them with criminal trespass and criminal mischief. The petition alleged that the children threw rocks at a house and caused damage to the siding.
During trial in the district court, the Commonwealth relied on the testimony of the owner of the house and her son. Neither testified that D.E. had entered onto the property. D.E. testified that she threw rocks at the house, but denied hitting it and causing damage. Counsel for D.E. moved for a directed verdict at the close of the Commonwealth's case and again at the end of the defense's case. Both motions were denied.
D.E. was found guilty of both charges, and her sentence was probated by the court. The court found that the throwing of the rocks constituted the trespass.
D.E. then appealed to the circuit court which affirmed the conviction on the grounds that even though there was no evidence that D.E. herself entered the property, she controlled the rocks which did enter the property, and thus, was guilty of trespass.
"A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises." Kentucky Revised Statute (KRS) 511.080(1). D.E. argues that the statute requires a person to enter the property because it says a "person is guilty" and uses the pronoun "he."
In affirming the conviction of D.E. on the trespass charge and denying D.E.'s argument that the person must enter onto the property, the circuit court used an illustration. It stated that:
[a]n individual could simply avoid all criminal trespassing charges by assembling a long pole that would allow the individual to reach onto another person's property while the individual remained on his own or public property. Presumably, this individual could wreak all manner of mischief with this pole and they could not be charged with criminal trespass provided that only the pole intruded into the victim's property and the individual did not physically intrude into the victim's property.
While this is a compelling analysis, it overlooks the argument put forth by D.E. D.E. argues that the person using the pole in the court's illustration could be guilty of other crimes, such as criminal mischief. In other words, the Commonwealth has other criminal avenues to pursue when a person uses objects to cause damage on another person's land.
Our research into this case revealed that there has been no Kentucky criminal case law dealing with objects being used for criminal trespass. We did, however, find an Attorney General's Opinion which we found persuasive. In OAG 82-262, a question is posed to the Kentucky Attorney General about whether a hunter who releases dogs onto another's property can face criminal liability.
The Attorney General opined that there can be no criminal liability for the dog's trespass. One part of the opinion states that criminal trespass requires entry by a person. It then notes that the Kentucky Penal Code defines a person as "a human being, and where appropriate, a public or private corporation, an unincorporated association, a partnership, a government, or a governmental authority." KRS 500.080(12). A dog fits into none of those categories.
*541 We find this opinion persuasive. If one cannot be held criminally liable for a dog's trespass, then the same can be said for a rock. "Where the words of the statute are clear and unambiguous and express the legislative intent, there is no room for construction or interpretation, and the statute must be given its effect as written. An unambiguous statute must be applied without resort to any outside aids." Lincoln County Fiscal Court v. Department of Public Advocacy Com. of Ky., 794 S.W.2d 162, 163 (Ky.1990) (citations omitted).
KRS 511.080(1) states that a person is guilty of trespass when he knowingly enters or remains unlawfully in or upon another's premises. A person must enter onto the property to be found guilty of criminal trespass. As stated above, there were other charges that could be brought in this case when D.E. threw a rock onto another person's property. In fact, D.E. was charged with third-degree criminal mischief and found guilty. Criminal mischief was an appropriate charge under the circumstances; however, criminal trespass was not.
Since the decisions of the lower courts were based on the rock D.E. threw entering onto the land and that there was no evidence that D.E. herself entered onto the land, we reverse the conviction for third-degree criminal trespass.
ALL CONCUR.
NOTES
[1] Senior Judge Daniel T. Guidugli sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.
[2] Since the child in this case is under eighteen, her name shall be kept confidential and she shall be identified by her initials.